IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DR. TERRY WAYNE SASSER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-084-Y |
| | § | |
| RICK THALER,  Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner, Dr. Terry Wayne Sasser, TDCJ #1331188, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent, Rick Thaler, is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

On October 4, 2005, a jury found petitioner guilty of one count of aggravated sexual assault of a child and two counts of indecency with a child in the 213th District Court of Tarrant County, Texas. (Clerk's R. at 88) The next day, the jury assessed petitioner's punishment at twenty-five years' imprisonment on the aggravated sexual assault of a child count and five year's imprisonment on each of the indecency counts. The Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on January 16, 2008, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Sasser v. Texas*, No. 02-05-391-CR, slip copy (Tex. App.–Fort Worth July 26, 2007) (not designated for publication); *Sasser v. Texas*, PDR No. 1235-07. Petitioner did not seek writ of certiorari. (Pet. at 3)

On January 16, 2009, petitioner filed a state habeas application, raising one or more of the claims presented herein, which was denied on January 12, 2011, without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover, 2[1]) This federal petition for writ of habeas corpus was filed on February 13, 2012.[2] As ordered, respondent

---

[1]"State Habeas R." refers to the state court record in petitioner's state habeas application No. WR-72,102-02.

[2]Under the prison mailbox rule, the date an inmate places a legal document in the prison mail system for submission to a federal court is deemed the date he filed such document. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (applying mailbox rule to filing of federal habeas petition). The Fifth Circuit has recognized, however, that the mailbox rule is inapplicable in some circumstances. *See, i.e., Cousin v. Lensing*, 310 F.3d 843, 846 (5th Cir. 2002) (declining "to extend th[e] rule to prisoner litigants who are represented by counsel"); *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (holding that a prisoner's use of an unknown agent to file his habeas appeal does not trigger mailbox rule). In doing so, it recognized that the exception to normal filing requirements was premised on leniency toward pro se litigants and that other courts have declined to extend the rule when a prisoner used "a non-attorney intermediary to file their pleadings." *Cousin*, 310 F.3d at 846 & n.2. The Northern District of Texas has likewise declined to extend the rule to petitions filed by
(continued...)

has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

## D. ISSUES

This petition is construed to raise the following grounds for federal habeas relief: actual, legal, and factual innocence (grounds one and six), ineffective assistance of counsel (grounds two through four and seven), and defects in the state habeas proceedings (ground five). (Pet. at 6-7 & Insert)

## E. STATUTE OF LIMITATIONS

Respondent asserts the petition is time-barred under 28 U.S.C. § 2244(d), the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA). Section 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief under § 2254. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2](...continued)
a friend or family member. *See Puckett v. Quarterman*, No. 3:07-CV-1713-O, 2008 WL 857198, at *1 n.2 (N.D.Tex. Mar. 31, 2008) (accepting recommendation of Mag. J.); *Tello v. Quarterman*, No. 3:07-CV-0535-L, 2007 WL 2851102, at *2 n.1 (N.D.Tex. Sept. 28, 2007) (same); *Baker v. Cockrell*, No. 4:03-CV-001-A, 2003 WL 21946800, at *1, 4 (N.D.Tex. Aug. 14, 2003) (same). The petition reflects petitioner placed his petition and accompanying documents in the prison mailing system on January 9, 2012, however, the petition was not sent to the clerk of court but was, instead, sent to a third-party and filed with the clerk of court in person by an unknown agent on February 13, 2012. (Resp't Prel. Resp., Ex. B) Thus, petitioner is not given the benefit of the prison mailbox rule. It is noted, however, that even if the mailbox rule was applicable to petitioner's federal petition, it would not change the result.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioner claims–

Statutory and equitable tolling are due based upon 1) Actual Innocense [sic] Claim, 2) Misapplication of Actual Innocense [sic] and Ineffective Assistance Standards of review, 3) State-created Impediments of "No Notice" of AEDPA, prohibition of copies of originals needed for exhibits, prohibited paying of another inmate to type, mailroom interference, 4) Futility of lower court performance, 5) Evidentiary Hearing/De Novo Review required for merit and substantive review, 6) Court filing tolling, 7) *Andrew* [*v. Orr*]'s Factors,[3] 8) Circumstances outside of [his] control, 9) Miscarriage of Justice resulting in Constitutional rights violations.

(Pet. Reply at 9)

Petitioner attempts to trigger § 2244(d)(1)(B) by asserting the state created impediments that

prevented him from filing a timely petition by not giving actual notice regarding the AEDPA's one-

year statute of limitations (petitioner does not assert the law library did not include a copy of the

AEDPA), prohibiting "copy services" resulting in the need for extra time and outside assistance in

---

[3]851 F.2d 146, 151-52 (6th Cir. 1988).

4

preparing and copying legal documents, delays in state court rulings, delays in receiving notice through the prison mail, and prison lockdowns. However, Congress did not specify in the AEDPA that an inmate was entitled to notice. Thus, there is no right to notice of the statute of limitations period before it can become applicable. Furthermore, petitioner admits he learned of the AEDPA as early as September 6, 2008 from another inmate; thus, he cannot support his assertion that he was prevented by state-created impediments from learning of the AEDPA and filing his petition in a timely manner.

Instead, to the extent petitioner's claims involve matters relevant to his conviction, subsection (A) governs when the limitations period began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that petitioner had for seeking certiorari in the United States Supreme Court on April 15, 2008. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, the federal limitations period closed one year later on April 15, 2009, absent any statutory or equitable tolling.

Petitioner's state habeas application operated to toll the running of the limitations period under § 2244(d)(2) for 726 days, making his federal petition due on or before April 11, 2011. Petitioner asserts that he also filed other "tollable court filings" including a "Writ of Error" in state court, an "Original Motion for Leave to File 'Justicable Controversy Writ'" in this court,[4] and "the premature Mandamus in the 5th Circuit," however these "filings" do not constitute "State post-conviction or other collateral review" and do not operate to toll the limitations period for purposes

---

[4]*Sasser v. Quarterman*, No. 4:09-MC-018-A.

of § 2244(d)(2).  (Pet'r Reply at 1, 8; State Writ of Mandamus[5])  *Moore v. Cain*, 298 F.3d 361, 367

(5th C ir. 2002); *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999).  Accordingly, petitioner's

federal petition, filed on February 13, 2012, is untimely unless he is entitled to additional tolling as

a matter of equity.

Equitable tolling applies only when a petitioner shows that he has been pursuing his rights

diligently and that some extraordinary circumstance "stood in his way" and prevented him from

filing his federal petition on time.  *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560-62 (2010).

In support of his actual and factual innocence and ineffective assistance claims in the state habeas

proceedings, petitioner presented character affidavits, affidavits and business records reflecting that

he was out-of-town when one or more of the alleged offenses took place, and affidavits, "business

appointment cards," and a schematic of his office demonstrating that any sexual abuse of the victim

would have been impossible without being observed by family members in the waiting area and that

the treatment rooms were in close proximity to and faced "a police/fire station with no blinds."[6]

(State Habeas R. at 22-74)  The witnesses and "exculpatory" evidence however were admittedly

known and available to petitioner before or at the time of his trial.  (State Habeas R. at 24)

Petitioner's allegation that trial counsel had knowledge of and access to these witnesses but chose

not to call them and possession of the "exculpatory" evidence but chose not to use it does not make

it newly discovered evidence.  Moreover, the Fifth Circuit has held that a claim of actual innocence

---

[5]Petitioner's alleged "Writ of Error" was construed by the Texas Court of Criminal Appeals to be an original motion for writ of mandamus in Case Number WR-72,102-01.  The state court record in that proceeding is not paginated.

[6]Petitioner also claims he "makes a <u>Prima Facie</u> showing [that he is actually innocent] with the newly discovered evidence with the accuser denying the statutory elements of the case."  This argument is incomprehensible.

"does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F .3d 168, 171 (5th Cir. 2000). This court is bound by Fifth Circuit authority on the issue. Therefore, petitioner's claims of actual innocence do not preclude the dismissal of his petition as untimely.

Nor do petitioner's pro se status, lack of knowledge or actual notice by "the Court, attorneys [sic], law library or legislative bodies" regarding the AEDPA, difficulty obtaining copies, delays in state court rulings and in receiving notice through the prison mail, and prison lockdowns, which are common problems of inmates who are trying to pursue postconviction habeas relief, warrant equitable tolling of the limitations period. (Pet'r Mtn. to Amend Pet.; Pet'r Prel. Reply at 6-8; Pet'r Ex. 2, vol. 5, at 2) *Felder*, 204 F.3d at 171-72; *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir.), *cert. denied,* 531 U.S. 971 (2000); *Hood v. Quarterman*, No. 2-08-CV-0109, 2008 WL 3260565, at *1 (N.D.Tex. Aug. 7, 2008); *Kiser v. Dretke*, No. 4:04-CV-0494-Y, 2004 WL 2331592, at *2 (N.D.Tex. Apr. 25, 2007).

Finally, a prerequisite to the application of equitable tolling is a showing that the petitioner has diligently pursued § 2254 relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Petitioner's delay in filing both his state and federal habeas applications mitigate against application of the equitable tolling doctrine. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied,* 529 U.S. 1099 (2000). Absent equitable tolling, petitioner's federal habeas petition is untimely.

To the extent petitioner's claims involve alleged defects in the state habeas proceedings under ground five, claims involving infirmities in such proceedings are not cognizable on federal habeas review. *Beaszley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be dismissed with prejudice as time-barred as to grounds one, two, three, four, six and seven and be denied as to ground five.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until _June 28_, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until _June 28_, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings,

8

conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of

the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

SIGNED June ____14____, 2012.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE