IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TERRY WAYNE SASSER,[1] § | |
| § | |
| VS. § | CIVIL ACTION NO.4:12-CV-084-Y |
| § | |
| RICK THALER, § | |
| Director, T.D.C.J. § | |
| Correctional Institutions Div. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY
(With special instructions to the clerk of Court)

In this action brought by petitioner Terry Wayne Sasser under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 14, 2012; and

3. The petitioner's amended written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 16, 2012.[2]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that all grounds for relief in the petition under § 2254, except for ground five (regarding defects in the state habeas proceedings), must be

---

[1] Petitioner filed this action as "Dr. Terry Wayne Sasser." Because he was indicted and convicted as Terry Wayne Sasser, and because all of the state court records identify him under the name Terry Wayne Sasser, petitioner Sasser's identity in this petition should be consistent. The clerk of Court is directed to correct and replace Petitioner's name on the docket as "Terry Wayne Sasser."

[2] The Court previously granted a motion for extension of time to file objections and provided Sasser until July 19, 2012, to timely file written objections. Sasser then filed twenty-one page written objections on July 2, 2012. On July 16, 2012, Sassser filed a motion to amend the objections with attached thereto (docket 23, pages 2-31) a document entitled "Amended Objections to the Magistrate Judge's Report of Findings and Recommendations." After review and consideration of this motion to amend, the Court concludes that it should be granted, such that the Court has accepted, reviewed, and considered the twenty-seven page amended objections filed on July 16, 2012. On July 23, 2012, Sasser filed another motion to amend to submit a copy of a particular page of the written objections (page 26). But, page 26 was already included in the July 16, 20012 amended objections, so this motion to amend will be denied as moot.

dismissed with prejudice as time-barred under 28 U.S.C. § 2244, but ground five must be denied, for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated in the Respondent's preliminary response at pages 5-10.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Sasser's July 16, 2012 motion to amend objections (doc. 23) is GRANTED, and the Court has considered and reviewed the amended objections attached thereto. Sasser's July 23, 2012 motion to amend objections (doc. 24) is DENIED as moot.

Petitioner Terry Wayne Sasser's ground for relief five in the petition under 28 U.S.C. § 2254 (regarding defects in the state habeas proceedings) is DENIED, and all remaining grounds for relief in the petition under § 2254, are DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's

---

[3] *See* Fed. R. App. P. 22(b).

[4] Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[5] 28 U.S.C.A. § 2253(c)(2)(West 2006).

resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Sasser filed a motion/application for a certificate of appealability on October 11, 2012.[7] After review of the motion/application, and upon review and consideration of the record in the above-referenced case as to whether petitioner Sasser has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the June 14, 2012 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[8]

Therefore, the October 11, 2012 motion for a certificate of appealability (doc. 25) is DENIED, and a certificate of appealability should not issue.

SIGNED November 30, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

[7] Although this document was also construed as a notice of appeal, it was not intended by Sasser to be a notice of appeal. Rather, Sasser intended it only as a motion related to the issuance of a certificate of appealability. In the motion, Sasser recites that it was filed "subsequent to the filing of the objections to the magistrate judge's report . . . and prior to the judgment to dismiss by Judge Terry R. Means and prior to filing a notice of appeal." (October 11, 2012 motion/application for certificate of appealability).

[8] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).